IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

Jimmy R. Hankins                                                                                  Plaintiff

v.                             No. 1:15-CV–112-JLH-JTK

Carolyn W. Colvin, Acting Commissioner,
Social Security Administration                                                            Defendant

## Recommended Disposition

**Instructions**. The following recommended disposition was prepared for U.S. District Judge J. Leon Holmes. A party to this dispute may file written objections to this recommendation. An objection must be specific and state the factual and/or legal basis for the objection. An objection to a factual finding must identify the finding and the evidence supporting the objection. Objections must be filed with the clerk of the court no later than 14 days from the date of this recommendation.[1] The objecting party must serve the opposing party with a copy of an objection. Failing to object within 14 days waives the right to appeal questions of fact.[2] If no objections are filed, Judge Holmes may adopt the recommended disposition without independently reviewing all of the record evidence.

---

[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[2] *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (failure to file objections waives right to de novo review and to appeal magistrate judge's findings of fact).

**Background**. Jimmy R. Hankins seeks judicial review of the denial of his second application for disability insurance benefits (DIB).[3] Hankins last worked as the general manager of a printing company.[4] He worked there until March 2008, when his job was eliminated.[5] Since that time, Hanks applied for DIB for reasons unrelated to this case,[6] looked for other work,[7] and served as care-giver for his disabled wife and elderly mother. In August 2012, he hurt his back in an attempt to prevent his wife from falling. Several months later, he applied for DIB and based disability on depression, a fractured spinal vertebra, and emphysema.[8] By that time, DIB insured status had expired.

**The Commissioner's decision**. Hankins's insured status expired on December 31, 2012.[9] Because a claimant must be insured to receive DIB,[10] the Commissioner's ALJ

---

[3]SSA record at p. 162 (applying on Mar. 1, 2013 and alleging disability beginning Aug. 9, 2012).

[4]*Id*. at pp. 184 & 189.

[5]*Id*. at pp. 43 & 183 (indicating his job was eliminated while he was on sick leave).

[6]*Id*. at p. 163 ("I previously filed for disability for a different set of conditions. I am filing for a new set of conditions at this time. I do not want to pursue the previous date of disability." The onset date for the first application was Dec. 7, 2007, *id*. at p. 170; the application was denied on July 12, 2010, *id*. at p. 179.

[7]*Id*. at pp. 43-44.

[8]*Id*. at p. 183.

[9]*Id*. at pp. 170 & 179.

[10]*See* 42 U.S.C. §§ 416(i), 423(c).

considered whether Hankins was disabled from August 9, 2012 — the alleged onset date — to December 31, 2012. The ALJ identified obesity, degenerative disk disease, and cardiac disease as severe impairments.[11] The ALJ determined Hankins could have done sedentary work.[12] The ALJ consulted a vocational expert, determined jobs existed that Hankins could do, and denied the application.[13]

After the Appeals Council denied review,[14] the ALJ's decision became the Commissioner's final decision for the purpose of judicial review.[15] Hankins filed this case to challenge the decision.[16] In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[17] This recommendation explains why the court should affirm the decision.

---

[11]*Id.* at p. 14.

[12]*Id.* at p. 18.

[13]*Id.* at pp. 22-24.

[14]*Id.* at p. 1.

[15]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that the Commissioner's appeal procedure permits claimants to appeal only final decisions).

[16]Docket entry # 1.

[17]*See* 42 U.S.C. § 405(g) (requiring the district court to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant

**Hankins's allegations**. Initially, Hankins relied primarily on the back injury, but on for judicial review, he relies on mental impairment. He contends the ALJ should have identified depression and anxiety as severe impairments.[18]

**Applicable legal principles**. For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to show Hankins could do sedentary work and work existed that he could do.[19] Sedentary work "represents a significantly restricted range of work. Individuals who are limited to no more than sedentary work by their medical impairments have very serious functional limitations."[20] The ALJ placed physical limitations on sedentary work,[21] but those limitations have no impact on whether Hankins could do sedentary work. The dispositive issue is whether the ALJ should have placed mental limitations on sedentary work.

---

disability benefits if the decision is not based on legal error and if there is substantial evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[18] Docket entry # 11.

[19] *Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990) ("Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'").

[20] SSR 96-9p, *Pol'y Interpretation Ruling Titles II & XVI: Determining Capability to Do Other Work--Implications of a Residual Functional Capacity for Less Than a Full Range of Sedentary Work*.

[21] SSA record at p. 18 (requiring only occasional balancing, stooping, kneeling, crouching, crawling, and ramp/stair climbing, and no ladder/rope/scaffold climbing).

**The role of mental limitation**. Hankins's onset date is the date of the back injury.[22] At that time, he was 60 years old. The back injury doesn't prevent sedentary work, as evidenced by the agency physical exam.[23] The agency examiner determined that Hankins could sit, walk, and stand for full workday, and lift without limitation.[24] Agency medical experts placed Hankins at medium work before insured status expired.[25] No medical evidence contradicted medium work. As a result, the ALJ was generous in reducing Hankins to sedentary work.

Hankins relies on mental impairment because — at age 60 — he was considered a person of advanced age. The regulations provide for special rules for claimants who are age 55 or older and limited to sedentary work. Under the special rules, the ALJ will find an advanced-age claimant who is limited to sedentary work disabled, unless he has skills that transfer to other skilled or semiskilled work that he can do despite his

---

[22]*Id*. at p. 274 (seeking treatment on Aug. 20, 2012 for back pain, after he tried to prevent his wife from falling 10 days earlier).

[23]*Id*. at p. 295 (reporting that Hankins should be able to sit, walk, and stand for full workday, and lift without limitation). To the extent Hankins relied on the fractured vertebrae, diagnostic imaging done 10 months after the fracture showed no bony abnormality. *Id*. To be disabling, an impairment must last for 12 continuous months. *See* 42 U.S.C. § 1382c(a)(3)(A) (specifying duration requirement for disability benefits).

[24]*Id*. at p. 295.

[25]*Id*. at pp. 99 & 112.

impairment.[26] According to the vocational expert, skills used as a general manager transfer to skilled sedentary work as an administrative assistant and administrative assistant jobs were available.[27] Thus, the ALJ properly determined that work existed that Hankins could do.

The only way Hankins could prove disability was to show he had no transferable skills, or to show that mental impairment limited him to unskilled work because an advanced-age claimant limited to unskilled work is disabled under the regulations.[28] Hankins can't make the first showing because there is no contrary vocational evidence. He can't make the second showing because a claimant must prove mental impairment with medical evidence[29] and there is no medical evidence of mental impairment before

---

[26]20 C.F.R. § 404.1568(d)(4). To be transferrable, other work must be so similar to the claimant's previous work that he would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry. *Id*.

[27]SSA record at p. 79.

[28]20 C.F.R. pt. 404, subpt. P, app. 2, Rule 201.06.

[29]42 U.S.C. § 423 (d)(5)(A) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability…; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment…which could reasonably be expected to produce the pain or other symptoms alleged and which…would lead to a conclusion that the individual is under a disability"); 20 C.F.R. § 404.1508 ("A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms."); 20 C.F.R. § 404.1529 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled; there must be medical signs and

insured status expired.  Hankins testified that he was depressed and anxious before insured status expired, and that he attended his wife's psychotherapy, but no medical evidence substantiated the claim.  The ALJ recognized Hankins's problem, appeared sympathetic, and suggested how he might show mental impairment,[30] but medical evidence documented no mental impairment before insured status expired.  No basis existed for identifying depression and anxiety as severe impairments.

**Conclusion and Recommended Disposition**.  A reasonable mind will accept the evidence as adequate to support the decision because the ALJ limited Hankins to sedentary work and because Hankins had skills that transferred to available sedentary work.  As a result, substantial evidence supports the ALJ's decision.  The ALJ made no legal error.  For these reasons, the undersigned magistrate judge recommends DENYING Hankins's request for relief (docket entry # 2) and AFFIRMING the Commissioner's decision.

---

laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence (including statements about the intensity and persistence of your pain or other symptoms which may reasonably be accepted as consistent with the medical signs and laboratory findings), would lead to a conclusion that you are disabled.").

[30]SSA record at pp. 84-86 (asking whether Hankins could submit his wife's psychotherapy records to show wife's psychologist worked with him before insured status expired or submit something from the doctor to get over the procedural hurdle of having no medical evidence before insured status expired).

Dated this 26th day of July, 2016.

_____
United States Magistrate Judge